UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY MERLINO CONSTRUCTION COMPANY, INC., <br><br> Petitioner, <br><br> v. <br><br> GENERAL TEAMSTERS LOCAL UNION #174, affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, <br><br> Respondent. | Case No. C22-01475-RSM <br><br> ORDER DENYING RESPONDENT'S RULE 12(b)(6) MOTION TO DISMISS THE PETITION TO COMPEL ARBITRATION |

## I.  INTRODUCTION

This matter to compel arbitration comes before the Court on Respondent General Teamsters Local Union #174 ("Teamsters 174")'s Motion to Dismiss. Dkt. #6. Petitioner Gary Merlino Construction Company, Inc. ("Merlino"), opposes Respondent's Motion. Dkt. #12. The parties have not requested oral argument, and the Court finds that it can rule on the issues without a hearing. Having reviewed Respondent's Motion, Petitioner's Response, Respondent's Reply, and the remainder of the record, the Court DENIES Respondent's Motion.

## II.  BACKGROUND

Respondent Teamsters 174, a labor organization within the meaning of 29 U.S. Code § 152(5), brings this motion seeking to stop arbitration sought by Petitioner Merlino, a Washington

ORDER DENYING MOTION TO DISMISS - 1

corporation operating in the construction industry. Dkt. #1 at ¶¶ 1.1, 1.2. Petitioner and Respondent are parties to a Community Workforce Agreement ("CWA" or "Agreement"). *Id.* at ¶ 1.3. Among the projects covered by the CWA is a contract for work on the Waterfront Seattle Alaskan Way – Elliot Way construction project ("Alaskan Way Project"). *Id.* at ¶ 2.1. On February 11, 2022, a group of Respondent's members picketed and blocked the entrance to a concrete loading site, causing Petitioner to miss its scheduled concrete delivery and placement work for the Alaskan Way Project. *Id.* at ¶¶ 2.3, 2.9. The parties dispute the meaning and enforceability of Section VII of the CWA, which prohibits "strikes, picketing, work stoppages, slowdowns or other disruptive activity" by the Respondent. *Id.* at ¶ 2.10; *see generally* Dkts. #6, #12.

The CWA has a grievance procedure, detailed in Article VIII. Dkt. #1, Exhibit 1. According to the Agreement, grievances not resolved by the parties shall be decided in final and binding arbitration conducted pursuant to the rules of the American Arbitration Association ("AAA"). Dkt. #1, Exhibit 1, Article VIII. On March 3, 2022, Petitioner advanced the grievance process to arbitration and Respondent did not respond. Dkt #1 at ¶ 2.15. On April 28, 2022, Petitioner unilaterally submitted a request to the AAA seeking an arbitrator list and appointment. *Id.* at ¶ 2.17. On July 20, 2022, the AAA announced that Arbitrator Kenneth Latsch had been "mutually selected" by the parties to hear this matter. *Id.* at ¶ 2.19. On all of these dates, Respondent refused to participate in resolving this dispute under Article VIII of the CWA. *Id.* at 2.20. On October 18, 2022, Petitioner filed a Petition to Compel Arbitration with this Court. Dkt. #1. In response, on November 9, 2022, Respondent filed the instant Motion to Dismiss Petitioner's Petition to Compel Arbitration. Dkt. #6.

ORDER DENYING MOTION TO DISMISS - 2

Petitioner "seeks only to enforce the entirely legal arbitration clause." Dkt. #12 at 9. Respondent argues that the entire CWA under which Petitioner seeks to compel arbitration is void and "precludes Merino's efforts to compel arbitration of the grievance in this case." Dkt. #6 at 11.

### III.   DISCUSSION

A. **Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the pleading as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the petitioner "pleads factual content that allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Id.* The pleading need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a petitioner's claims must be dismissed. *Id.* at 570.

B. **Analysis**

Respondent moves to dismiss Petitioner's claims on the basis that the CWA under which Petitioner seeks to compel arbitration is void because it violates Section 8(e) of the National Labor Relations Act (NLRA). Dkt. #6 at 5. Section 8(e) provides:

> It shall be an unfair labor practice for any labor organization and any employer to enter into any contract…whereby such employer ceases or refrains or agrees to cease or refrain

ORDER DENYING MOTION TO DISMISS - 3

from…dealing in any of the products of any other employer or to cease doing business with any other person, and any contract or agreement to enter into heretofore or hereafter containing such an agreement shall be to such extent unenforceable[sic] and void.

29 U.S.C. § 158(e).

The crux of Respondent's Motion is that the contract as a whole, including the arbitration provision, is rendered invalid by an allegedly unlawful hot cargo provision. Dkt. #6 at 14.

In Response, Petitioner states that the allegedly illegal clause in the CWA is entirely separate from and does not preclude the enforcement of the arbitration provision. Dkt. #12 at 9. Petitioner seeks only to enforce the arbitration clause and to have the arbitrator deal with this substantive issue. *Id.*

Challenges to the validity of arbitration agreements can be divided into two types: 1) a specific challenge to the validity of the agreement to arbitrate and 2) a challenge to the contract as a whole, either on a ground that directly affects the entire agreement or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006). Respondent's claim is of the second type; the claim challenges the entire CWA but not specifically its arbitration provision. Dkt. #6 at 14 – 15.

In *Buckeye Check Cashing*, the U.S. Supreme Court distinguished between a challenge specifically to the validity of the agreement to arbitrate and a challenge to the contract as a whole, either on the ground that directly affects the entire agreement, or on the ground that the illegality of the contract's provisions renders the whole contract invalid. 546 U.S. at 444. As a matter of substantive federal arbitration law, an arbitration provision is severable from the remained of the contract, regardless of whether a severability provision exists in the contract. *Id.* at 445; *see also Unite Here Local 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 703 (9th Cir. 2022)

ORDER DENYING MOTION TO DISMISS - 4

(holding a defense that the NLRA invalidates a labor contract with an arbitration provision is an issue for the arbitrator to decide). Further, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. *Id.* at 445 – 46.

Given the above, Respondent's arguments to dismiss are invalid. The Court need not decide the other challenges made by the parties. Substantive federal arbitration laws clearly instruct this Court that in cases where a party challenges the contract as a whole and not the arbitration provision itself, the issue of the contract's validity should be considered by the arbitrator, not the federal court in the first instance. This likely means that this Petition should be granted.

## IV.   CONCLUSION

Having reviewed Respondent Teamsters 174's Motion to Dismiss, Petitioner's Response, Respondent's Reply, and the remainder of the record, the Court hereby finds and ORDERS that Respondent's Motion to Dismiss, Dkt. #6, is DENIED. The parties are ORDERED to SHOW CAUSE why the Petition should not be granted. Each party's response may not exceed six (6) pages and shall be filed no later than fourteen (14) days from the date of this Order.

DATED this 19th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS - 5