UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY MERLINO CONSTRUCTION COMPANY, INC., | Case No. 22-1475RSM |
| Petitioner, | ORDER GRANTING PETITION TO COMPEL ARBITRATION |
| v. | |
| GENERAL TEAMSTERS LOCAL UNION #174, affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | |
| Respondent. | |

This matter comes before the Court on the Petition to Compel Arbitration filed by Gary Merlino Construction Company, Inc., and the Court's Order to Show Cause. Dkts. #1 and #18.

The background facts of this case have been set forth in the Court's prior Order, Dkt. #18. In denying Respondent General Teamsters Local Union #174 ("Teamsters 174")'s Motion to Dismiss, the Court found that "[s]ubstantive federal arbitration laws clearly instruct this Court that in cases where a party challenges the contract as a whole and not the arbitration provision itself, the issue of the contract's validity should be considered by the arbitrator, not the federal court in the first instance," and that "[t]his likely means that this Petition should be granted." *Id*. at 5. In an abundance of caution, the Court declined to grant the instant Petition, instead instructing the parties to submit supplemental briefing. *Id*.

ORDER GRANTING PETITION TO COMPEL ARBITRATION - 1

The Court has reviewed that briefing and finds that the Petition should be granted.

Petitioner and Respondent signed a Community Workforce Agreement ("CWA"). Dkt. #1, Exhibit 1. The CWA has a grievance procedure. Grievances not resolved by the parties are to be decided in final and binding arbitration conducted pursuant to the rules of the American Arbitration Association ("AAA"). *Id.*, Article VIII.

Teamsters 174 asserts that the entire CWA is void under Section 8(e) of the National Labor Relations Act but does not otherwise challenge the enforceability of the arbitration clause. The Court acknowledged this and found that the arbitration provision here is severable and therefore likely enforceable under applicable case law. Dkt. #18 at 4–5 (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006); *Unite Here Local 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 703 (9th Cir. 2022)).

The reference to the AAA rules indicates a clear and unmistakable intent to delegate the issue of arbitrability to the arbitrator. Teamsters 174's supplemental briefing does not address its intent or explain why it signed the CWA with language like this if it was opposed to arbitration. Instead, Teamsters 174 argues that "there is no authority that the Federal Arbitration Act is directly applicable to arbitrating labor disputes," attacking the Court's reliance on *Buckeye Check Cashing* without addressing *Unite Here Local 30*, *supra*. The Court appreciates Teamsters 174's supplemental briefing but finds that it has the discretion to grant the instant Petition and to send this dispute to arbitration as originally agreed to by the parties. The substantive arguments about the invalidity of the CWA can be presented in arbitration.

Teamsters 174 requests in the alternative to have the Court "issue a modified order compelling both parties to re-start the grievance process at the first step" so that they might end

ORDER GRANTING PETITION TO COMPEL ARBITRATION - 2

up with a mutually agreed-upon arbitrator.  Dkt. #20 at 6.  Teamsters 174 says the Court should do this in the spirit of "promot[ing] close cooperation," as stated in the CWA.  *Id*. (citing (Art. VIII, Sec. 1).

If the Court does nothing, this case goes before a unilaterally-selected arbitrator.  While not ideal, this appears to have been the result of Teamsters 174's inaction.  On March 3, 2022, Gary Merlino Construction advanced the grievance process to arbitration and Teamsters 174 did not respond.  Dkt #1 at ¶ 2.15.  On April 28, 2022, Gary Merlino Construction submitted a request to the AAA seeking an arbitrator list and appointment.  *Id*. at ¶ 2.17. On July 20, 2022, the AAA announced that Arbitrator Kenneth Latsch had been "mutually selected" by the parties to hear this matter.  *Id*. at ¶ 2.19.  Teamsters 174 refused to participate.

Given the above, there is no legal basis to *order* the parties to re-start the grievance process.  However, the Court believes that doing so could reduce animosity and increase the chance of a successful arbitration.  The Court agrees that "[p]romoting this type of cooperation between parties is especially valuable where, as here, the parties are engaged in a long-standing collective bargaining relationship."  Dkt. #20 at 6.  The Court urges Gary Merlino Construction to consider voluntarily agreeing to this request.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Petitioner Gary Merlino Construction Company's Petition to Compel Arbitration is GRANTED as set forth above.  This case is CLOSED.

DATED this 7th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION TO COMPEL ARBITRATION - 3